# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00110-CV

**Mark Groba, Appellant**

v.

**The City of Taylor, Texas, Appellee**

### FROM THE 368TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 20-0792-C368, HONORABLE SARAH SOELDNER BRUCHMILLER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Mark Groba appeals the district court's order granting the City of Taylor's plea to the jurisdiction and dismissing with prejudice Groba's inverse-condemnation claim, which sought damages and declaratory relief for the City's issuance of a "Code Violation Notice" to him. The City's plea asserted, and Groba's appeal disputes, that the district court lacked subject-matter jurisdiction over the claim because it did not challenge a final, authoritative determination and was thus unripe. We will affirm the district court's order.

## BACKGROUND

Groba owns real property in Taylor, Texas. The City issued written notice to Groba that a nuisance code violation existed on his property and requested correction of that violation by "removal of [a] slab and basketball court." Groba complied.

Almost two years after receiving the violation notice, Groba sued the City for inverse-condemnation under Article I, § 17 of the Texas Constitution, pleading entitlement to

"compensation for the actions of the City that have damaged or destroyed his property." *See* Tex. Const. art. I, § 17(a) (providing in relevant part, "No person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person . . .").  The City answered and filed special exceptions, prompting Groba to amend his petition by deleting a request for injunctive relief and adding the specific declaration he sought: that the City's ordinance was "improperly construed to apply to [his] property" and "should be declared not to apply to vacant slabs and basketball courts." *See* Tex. Civ. Prac. & Rem. Code §§ 37.001-.011 (Uniform Declaratory Judgments Act, "UDJA"), .004 (stating that UDJA authorizes a "person . . . whose rights, status, or other legal relations are affected by a . . . municipal ordinance . . .[to] have determined any question of construction or validity arising under the . . . ordinance . . . and obtain a declaration of rights, status or other legal relations thereunder").  The case went dormant for nineteen months, until Groba filed a motion to retain.  The district court granted the motion and set the case for trial.

Meanwhile the City took Groba's deposition, during which he testified (1) he did not ask the City "not to enforce" the violation, (2) he did not object in writing to the violation notice, (3) he voluntarily complied with that notice, and (4) the City's only intentional act as to the property was sending that notice to him.  Two days before trial, Groba requested a continuance, which the district court granted.

Several weeks before the rescheduled trial, the City filed a plea to the jurisdiction with attached excerpts from Groba's deposition and contended that governmental immunity barred his unripe inverse-condemnation claim.  Groba's response asserted that he had "no way of knowing" the violation notice was not a final decision and that he was given the impression he

2

had to comply, or criminal charges might be filed and a fine could result. He noted that the violation notice referenced the City's power to abate nuisances and file a lien for its costs.

After hearing the parties' argument on the plea, the district court took the plea under advisement and then granted it. Groba appealed.

## DISCUSSION

Municipal governments enjoy immunity from suit unless their immunity has been waived. *City of Houston v. Carlson*, 451 S.W.3d 828, 830 (Tex. 2014). Without that waiver, courts have no jurisdiction to adjudicate a claim against a municipality. *Id.* Governmental immunity is properly asserted in a plea to the jurisdiction. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004); *Walton v. City of Midland*, 409 S.W.3d 926, 929 (Tex. App.—Eastland 2013, pet. denied).

Whether a court has subject-matter jurisdiction is a question of law that we review de novo. *Hearts Bluff Game Ranch v. State*, 381 S.W.3d 468, 476 (Tex. 2012). We review a court's ruling on a plea to the jurisdiction by determining whether the plaintiff's pleadings, construed in the plaintiff's favor, allege sufficient facts affirmatively demonstrating the court's jurisdiction to hear the case. *Id*. If evidence central to the jurisdictional issue is submitted, it should be considered in ruling on the plea to the jurisdiction. *Id*.

### Inverse-condemnation takings claims and ripeness requirement

When governmental regulation of private property reaches a certain magnitude, there must be an exercise of eminent domain and compensation to the property owner to sustain the act. *Carlson*, 451 S.W.3d at 831. Property owners who believe compensation is due may seek redress through an inverse-condemnation claim. *Id.* "Inverse condemnation is 'a cause of

3

action against a governmental defendant to recover the value of property which has been taken in fact by the governmental defendant, even though no formal exercise of the power of eminent domain has been attempted by the taking agency.'" *Hearts Bluff Game Ranch*, 381 S.W.3d at 476 (quoting *United States v. Clarke*, 445 U.S. 253, 257 (1980)). The proceeding is "inverse" because the property owner brings the suit, as opposed to a condemnation proceeding brought by a governmental entity to appropriate private property for a public purpose. *City of Carrollton v. HEB Parkway S., Ltd.*, 317 S.W.3d 787, 792 (Tex. App.—Fort Worth 2010, no pet.).

The Texas Constitution waives governmental immunity as to inverse-condemnation claims that are predicated on "a viable allegation of taking." *Carlson*, 451 S.W.3d at 830. A taking is the acquisition, damage, or destruction of property by physical or regulatory means. *Id.* at 831. A regulatory taking, the only type of inverse-condemnation that Groba alleged, is a condition of use "so onerous that its effect is tantamount to a direct appropriation or ouster." *See id.* To plead an inverse-condemnation claim, a plaintiff must allege the uncompensated taking of private property that resulted from "an intentional government act." *Id.*; *accord City of Galveston v. Murphy*, 533 S.W.3d 355, 359 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) ("To assert inverse condemnation, a claimant must plead: (1) the governmental unit intentionally performed an act (2) that resulted in the taking, damaging, or destruction of the claimant's property (3) for public use."). Absent a properly pleaded takings claim, the government retains immunity, and a court must sustain a properly raised plea to the jurisdiction. *Carlson*, 451 S.W.3d at 830.

A takings claim must also be ripe for the court's consideration because "[r]ipeness is an element of subject-matter jurisdiction." *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998) (noting that "ripeness doctrine conserves judicial time and resources for real and

4

current controversies, rather than abstract, hypothetical, or remote disputes"). "[F]or a regulatory takings claim to be ripe, there must be a final decision regarding the application of the regulations to the property at issue." *Id*. at 929. Stated another way, "[a] regulatory takings claim ordinarily is not ripe until there has been a 'final and authoritative determination' by the governmental entity applying the regulations at issue to the property." *Murphy*, 533 S.W.3d at 360 (citing *Mayhew*, 964 S.W.2d at 929).

**Groba's pleadings fail to allege ripe inverse-condemnation claim**

Groba's amended petition pleaded an inverse-condemnation claim under Article I, § 17 of the Texas Constitution and alleged his entitlement to "compensation for the actions of the City that have damaged or destroyed his property." His regulatory takings claim is based only on the City's mailing to him the Code Violation Notice.

Groba contends that the district court erred by granting the plea to the jurisdiction because even if the City's actions were not in fact final, he "reasonably and justifiably" interpreted them as final and "had no choice but to comply." Specifically, Groba asserts that he had "no way of knowing" the violation notice was not a final decision, and that the notice gave him the impression that he had to comply, or criminal charges might be filed and a fine could result. Groba points out that the violation notice referenced the City's power to abate nuisances and file a lien for its costs. Alternatively, Groba asserts that by issuing the Code Violation Notice to him, the City made a final and authoritative determination that applied the nuisance ordinance to his property, threatened criminal prosecution and a lien, and contained no stated avenue to contest or appeal that final determination. He states that he "did not ask the City not to

5

enforce the Code Violation notice because he had no indication that he had the right or ability to do so."[1]

However, the evidence on the plea to the jurisdiction showed Groba's acknowledgement in his deposition that the City's only "intentional act" as to the property was sending the violation notice to him. Further, he testified that he voluntarily complied with the violation notice, he denied asking the City "not to enforce" the violation, and he denied objecting in writing to the violation notice before he voluntarily complied with it. Groba's voluntary compliance with the violation notice, without objection, negates the ripeness of his regulatory takings claim. *See Mayhew*, 964 S.W.2d at 929; *Murphy*, 533 S.W.3d at 359-60. Without a ripe claim, the district court properly dismissed Groba's inverse-condemnation suit against the City for lack of subject matter jurisdiction.[2] *See Carlson*, 451 S.W.3d at 830. We overrule Groba's appellate issue.

---

[1] Although we make no finding as to Groba's assertions that he had "no way of knowing" that the violation notice was not a final decision and had "no choice but to comply," the City's brief suggests his awareness of the City's code-violation enforcement and nuisance-abatement procedures based on his prior litigation with the City. *See Groba v. City of Taylor*, No. 03-19-00365-CV, 2021 WL 359203, at *1 (Tex. App.—Austin Feb. 3, 2021, pet. denied) (mem. op.) (affirming order granting plea to jurisdiction and dismissing Groba's claims against City brought in district court as appeal of administrative order concerning nuisance violations on another of Groba's properties in Taylor).

[2] As to Groba's requested declaratory relief, we note that he pleaded only that the City's ordinance was "improperly construed to apply to [his] property" and "should be declared not to apply to vacant slabs and basketball courts." Groba's amended petition did not seek a declaration concerning the validity of a City ordinance but a declaration that it does not apply to his property. The UDJA does not waive the City's governmental immunity with respect to such a claim. *See, e.g.*, *Rooney v. City of Austin*, No. 03-23-00053-CV, 2024 WL 4292040, at *5 (Tex. App.—Austin Sept. 26, 2024, no pet.) (mem. op.) (concluding that governmental immunity barred plaintiff's requested declaration that ordinance did not apply to his property); *Tabrizi v. City of Austin*, 551 S.W.3d 290, 297-98 (Tex. App.—El Paso 2018, no pet.) (holding that UDJA did not waive immunity for plaintiffs' requested declaration that certain provisions of ordinances did not apply to their subdivision application). This is because the UDJA does not

6

## CONCLUSION

We affirm the district court's order.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Affirmed

Filed:   January 30, 2025

_____

enlarge a trial court's jurisdiction and is not a waiver of governmental immunity; it is "merely a procedural device for deciding cases already within a court's jurisdiction." *Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621-22 (Tex. 2011) (per curiam); *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993); *see Sefzik*, 355 S.W.3d at 622 (rejecting plaintiff's declaratory judgment claim that did not challenge validity of statute but TxDOT's actions under it).  Groba's requested declaratory relief did not waive the City's governmental immunity and thus, did not preclude dismissal of his suit for lack of jurisdiction.

7